UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
:
HIGHLINE CAPITAL MANAGEMENT, LLC,                        :        Civil Action No.:
:
Plaintiff,              :
:                **COMPLAINT**
- against -                     :
:           **JURY TRIAL DEMANDED**
HIGHLINE RESEARCH ADVISORS, LLC and                      :
THEODORE E. KALEM,                                       :
:
Defendants.             :
:
------------------------------------------------------------------------ x

Plaintiff Highline Capital Management, LLC. ("Plaintiff" or "Highline"), by its attorneys,

Tannenbaum Helpern Syracuse & Hirschtritt LLP, for its Complaint herein, alleges:

**Nature of the Action**

1.      Highline is a well-established financial services company specializing in financial

services in the nature of investment fund management.  Since July 1995, Highline has used its

federally-registered trademark HIGHLINE® to identify the financial services it provides and,

through substantial effort, its HIGHLINE mark has developed substantial and valuable goodwill.

Highline manages more than $2.7 billion on behalf of hundreds of investors, including university

endowments, public pension funds, foundations, and high net worth individuals.  Highline's

principal financial services are provided through investment funds that include a long-short

equity strategy and invest primarily in public securities as well as in selected private equity and

venture capital investments.

2.      Defendant Theodore E. Kalem, through a business entity that he controls,

Defendant Highline Research Advisors, LLC ("Highline Research Advisors"), also specializes in

financial services, including institutional investment banking and advisory services.  Like

Highline, Highline Research Advisors, upon information and belief, assists high net worth

individuals, institutions, and other investors in investing their assets, including in public

securities and long-short equity hedge funds.

3.      Defendants prominently feature
the element HIGHLINE in their company name
and service mark, as well as in their internet
URL (highlineresearchadvisors.com), which
they have used in the past for a "coming soon"
website that notes that it is related to securities



offerings(see image at right).  Upon information and belief, Defendants regularly shorten their

company name and refer to themselves as "Highline."

4.      Similarly, as shown below, news reports concerning Highline Research Advisors

also regularly refer to the company by the shorthand name "Highline."

http://www.marketwatch.com/story/highline-research-advisors-initiates-on-columbia-laboratories-inc-with-a-buy-rating-2015-02-25

# Highline Research Advisors Initiates on Columbia Laboratories, Inc. with a Buy Rating

By
Published: Feb 25, 2015 11:02 a.m. ET

(Thomson Reuters ONE via COMTEX) --

SAN FRANCISCO - February 25, 2015 -Michael Higgins from Highline Research Advisors,
part of Financial Entrepreneur Platform at Merriman Capital, Inc. ("Merriman"), a wholly owned
subsidiary of Merriman Holdings, Inc. (otcqb:MERR), announced today that Highline has
initiated equity research coverage of Columbia Laboratories, Inc. CBRX with a Buy rating and a
$14.00 price target.

http://seekingalpha.com/article/2955326-how-to-beat-the-herd-mentality-highlines-michael-higgins

# How To Beat The Herd Mentality: Highline's Michael Higgins

Feb. 26, 2015 3:29 PM ET  |  Includes: ALKS, BAYRY, BDSI, ESRX, EVTCY, GLYC, JNJ, MNKD, ORXOF, PBM, PDLI, PFE, RHHBY by: Life Sciences Report

**Disclosure:** The author has no positions in any stocks mentioned, and no plans to initiate any positions within the next 72 hours. **(More...)**The author wrote this article themselves, and it expresses their own opinions. The author is not receiving compensation for it. The author has no business relationship with any company whose stock is mentioned in this article.

### *Summary*

The analyst can push his or her agenda within the firm, or be left with working on an assembly line shoving out research that he or she didn't fuel.

The 'herd mentality' has been around longer than the market, and smart investors are always trying to take advantage of it.

Acting with the right level of conviction is one of the requirements for finding misplaced or mispriced securities.

We have a lot of smaller players that can be tightly focused on a few assets, which is what investors appreciate and will fund.

We have to watch out for the greedy upside of pricing power because it comes with an inevitable slaughter.

Michael Higgins of Highline Research Advisors believes it is absolutely vital for a sellside biotech analyst to understand what's going on outside the sector, because no stock lives on an island. The most fabulous fundamentals in the world won't propel a stock against powerful global or industry-wide headwinds. In this interview with *The Life Sciences Report*, Higgins, an industry veteran, discusses his methods of finding winning plays in the biotech space, and selects three names that could spike the punch in your portfolio.

5.     On August 5, 2015, Highline, by letter, sought to clarify the nature of Highline Research Advisor's services and, absent such clarification, formally demanded that Defendants cease all use of the trademark and company name Highline Research Advisors, the URL (highlineresearchadvisors.com) or any company name or URL containing HIGHLINE or any element visually or aurally confusingly similar to either.

6.     Defendants' did not respond to the letter.

7.      On September 10, 2015, Highline wrote a second letter to Defendants, restating its request for a response and noting that absent a response in short order Highline would not hesitate to institute legal action to protect its trademark rights.

8.      Defendants again failed to respond.

9.      Exacerbating Highline's concerns that confusion is likely, Highline Research Advisors' primary office is in New York City, where Highline was founded and always has been located.  And, further exacerbating those concerns, Highline Research Advisors describes its business as providing institutional investment banking services to companies in the healthcare sector and offering financing, equity and mergers and acquisitions advisory services to start-ups and pharmacy companies.

10.     Defendants' use of the HIGHLINE trademark for services similar to those offered by Highline is likely to cause confusion between Defendants and their services, and Highline. Investors and potential investors will likely be confused into believing that Highline Research Advisor's and Mr. Kalem's services come from, or are affiliated with or sponsored by, Highline.

11.     Accordingly, to protect the goodwill associated with its trademark from infringement and dilution, and to protect its trademark rights, Highline has commenced this action for (a) infringement of federally registered trademarks in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114, (b) counterfeiting in violation of § 32 and § 35 of the Lanham Act, 15 U.S.C. §§ 1114, 1117,  (c) trademark infringement and false designation of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), (d) use of deceptive acts or practices in the conduct of business, trade or commerce or the furnishing of services in violation of New York General Business Law § 349, (e) trademark infringement and unfair competition in violation of common law, and (f) cyberpiracy in violation of § 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

4

**The Parties**

12.     Plaintiff Highline is a Delaware limited liability company having its principal place of business at One Rockefeller Plaza, 30th Floor, New York, New York 10020.

13.     Upon information and belief, Defendant Highline Research Advisors, LLC is a Delaware limited liability company, having its principal place of business at 711 Fifth Avenue, 16th floor, New York, New York 10022.

14.     Upon information and belief, Defendant Theodore E. Kalem ("Kalem") is a citizen of the State of New York and the President of Highline Research Advisors, with a place of business at 711 Fifth Avenue, 16th floor, New York, New York 10022.

**Jurisdiction**

15.     This action arises, *inter alia,* under the Trademark Act of July 5, 1946, as amended, 15 U.S.C. §§ 1051 *et seq.*, known as the Lanham Act.

16.     This Court has jurisdiction of this action pursuant to § 39(a) of the Lanham Act, 15 U.S.C. § 1121(a); 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).

## FIRST CLAIM FOR RELIEF

**Infringement of Registered Trademark**

17.     Highline repeats and realleges the foregoing Paragraphs as if fully set forth herein.

**Plaintiff's Business and Marks**

18.     Highline engages in the business of investment management through, *inter alia,* offering qualified investors opportunities to invest in private investment funds.

19.     Highline's customers include U.S. and non-U.S. individuals and institutional investors.  Highline has customers throughout the United States, including in the Southern District of New York, and in a number of other countries.

5

20.     Highline is the owner of all right, title and interest, in the federally-registered trademark HIGHLINE for financial services in the nature of investment fund management, which it uses in connection with its investment management business.  The trademark HIGHLINE is registered with the United States Patent & Trademark Office under Registration No. 2,502,179. A copy of the certificate of registration is annexed as Exhibit A.

21.     Highline has used the mark HIGHLINE in interstate commerce since at least July 31, 1995, in connection with both its investment fund management services and its management and operation of the investment funds it operates, Highline Capital Partners, L.P., Highline Capital Partners QP, LP, Highline Capital International, Ltd., Highline Select, L.P., Highline Enhanced, Ltd., Highline Enhanced, L.P. and Highline Capital Qualified Fund, Ltd., and has used the trade name and company name "Highline Capital Management" since at least July 31, 1995. Highline has also used its HIGHLINE mark as the dominant element of the name of its affiliated company Highline Capital Holdings, L.L.C.

22.     By virtue of having been in continuous use for more than five consecutive years subsequent to the dates of registration and Highline's compliance with the provisions of § 15 of the Lanham Act, the HIGHLINE mark has become incontestable within the meaning of said section, and Highline has the exclusive right to use said mark throughout the United States.

23.     Highline has also used its HIGHLINE mark as part of the Internet domain name "highlinecap.com," which it also owns, identifying its Internet web site located at www.highlinecap.com.

24.     As a result of substantial time and effort, and long and substantial use of the HIGHLINE Marks, Highline has developed substantial recognition for its services and the

investment funds it manages under the HIGHLINE Marks, which have acquired and now enjoy a valuable reputation and goodwill associated with said mark.

**Defendants' Activities**

25.     Upon information and belief, Defendant Kalem is the President of Defendant Highline Research Advisors and, as such, controls the trademarks, service marks, company name and Internet URLs Highline Research Advisors uses.

26.     Upon information and belief, Highline Research Advisors offers financial advisory services similar to the services Highline offers.  Upon information and belief, Highline Research Advisors provides such services to the same types of consumers as  Highline.

27.     Highline Research Advisors has operated an Internet website promoting its business located at www.highlineresearchadvisors.com (the "Highline Research Website").  In connection with their business Defendants have featured the HIGHLINE element prominently in the service mark HIGHLINE RESEARCH ADVISORS and on the Highline Research Website.

28.     Upon information and belief, Defendants commenced offering their services and registered the Highline Research domain name in 2012.

29.     Highline has only recently learned of Highline Research Advisors' existence and that it offers similar services out of its primary place of business, located at 711 Fifth Avenue, 16th floor, New York, New York 10022, which is less than half a mile from Highline's offices.

30.     Defendants' use of the HIGHLINE element in their trademark, trade name and Internet domain name is not licensed by, and is without the consent of, Highline.

31.     Upon information and belief, Defendants' services are now offered and will continue to be offered through the same channels of trade, and to the same classes of consumers,

as the investment management services offered by Highline under its registered HIGHLINE

Mark.

**Likelihood of Confusion; Injury to Plaintiff**

32.    Defendants' use of the HIGHLINE element in its trademark, trade name and on the

Highline Research Website, for services confusingly similar to Highline's services falsely

indicates to consumers, to the trade and to businesses that serve the trade, such as prime brokers,

research firms and other broker-dealers, that Highline Research Advisors and/or its and Mr.

Kalem's services are provided by Highline or are in some manner connected with, sponsored by,

affiliated with, or related to Highline and its services and products.

33.    Defendants' use of the HIGHLINE element in its trademark, trade name and

company name in connection with Highline Research Advisors' financial advisory services

allows, and will continue to allow, Defendants to receive the benefit of goodwill built up at great

labor and expense by Highline and to gain interest, acceptance and recognition, including, but not

limited to, initial interest, acceptance and recognition, for Defendants' services not based on the

merits of those services and products, but on the reputation and goodwill of Highline's services

and products.

34.    The above-mentioned activities of Defendants are likely to cause confusion, or to

cause mistake, or to deceive consumers, the trade, and businesses that serve the trade concerning

the origin of Defendants' services and products.  Such persons are likely to believe that

Defendants' services and products come from Highline or are sponsored by, approved by, or

associated with Highline.

35.    Defendants' activities also cause Highline to lose control over its reputation and put

Highline's reputation and considerable goodwill at risk.

36.    The acts of Defendants complained of above have been conducted in commerce and have affected, and will continue to affect, Highline's business of offering investment management services and investment products in commerce.

37.    Defendants' activities described above constitute infringement of a registered trademark and false designation of origin in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

38.    On information and belief, Defendants are well aware of Highline's trademark rights and their deliberate decision to infringe those rights makes the infringement herein willful.

39.    Upon information and belief, the nature of the acts of Defendants complained of above, and the state of Defendants' knowledge of Highline's rights, make this an exceptional case under § 35 of the Lanham Act, 15 U.S.C. § 1117(a).

40.    By reason of the foregoing, Highline has suffered, and unless enjoined by this Court will continue to suffer, irreparable and immediate injury for which Highline has no adequate remedy at law.

41.    By reason of the foregoing, Highline has been injured in its business and is entitled to permanent injunctive relief and to recover damages in an amount to be proved at trial, enhanced in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117(a).

**SECOND CLAIM FOR RELIEF**

**Trademark Counterfeiting**

42.    Plaintiff repeats and realleges the foregoing Paragraphs as if fully set forth herein.

43.    Plaintiff's trademark HIGHLINE is registered with the United States Patent & Trademark Office under Registration No. 2,502,179.

44.   Defendants' use of the HIGHLINE element in their trademark, trade name and company name is identical with, or substantially indistinguishable from, Plaintiff's registered HIGHLINE mark.  Defendants are offering financial advisory services under their HIGHLINE mark.

45.   Defendants' use of the HIGHLINE element in their trademark, trade name and company name in connection with the offering of financial advisory services is spurious and likely to cause confusion, mistake or deceive the public into believing that Highline Research Advisors is Highline, or that the Defendants' services offered through Highline Research Advisors are actually offered by Highline.

46.   Defendants have been using the HIGHLINE element in their trademark, trade name and company name knowing they are counterfeits of Plaintiff's registered trademark and without Plaintiff's consent.

47.   Defendants have been using the HIGHLINE element in their trademark, trade name and Highline Research Website willfully and maliciously.

48.   The acts of Defendants complained of above constitute counterfeiting in violation of § 32 and § 35 of the Lanham Act, 15 U.S.C. §§ 1114, 1117.

## THIRD CLAIM FOR RELIEF

### False Designation of Origin

49.   Plaintiff repeats and realleges the foregoing Paragraphs as if fully set forth herein.

50.   The acts of Defendants complained of above constitute false designation of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51.   By reason of the foregoing, Highline has suffered, and unless enjoined by this Court will continue to suffer, irreparable and immediate injury for which Highline has no adequate remedy at law.

52.   By reason of the foregoing, Highline has been injured in its business and is entitled to permanent injunctive relief and to recover damages in an amount to be proved at trial.

## FOURTH CLAIM FOR RELIEF

### Use of Deceptive Acts or Practices

53.   Plaintiff repeats and realleges the foregoing Paragraphs as if fully set forth herein.

54.   The acts of Defendants complained of above constitute use of deceptive acts or practices in the conduct of business, trade or commerce or the furnishing of services in violation of New York General Business Law § 349.

55.   By reason of the foregoing, Highline has suffered, and unless enjoined by this Court will continue to suffer, irreparable and immediate injury for which Highline has no adequate remedy at law.

56.   By reason of the foregoing, Highline has been injured in its business and is entitled to permanent injunctive relief and to recover damages in an amount to be proved at trial.

## FIFTH CLAIM FOR RELIEF

### Common Law Trademark Infringement and Unfair Competition

57.   Plaintiff repeats and realleges the foregoing Paragraphs as if fully set forth herein.

58.   The acts of Defendants complained of above have and will continue to unjustly enrich Defendants at Highline's expense by confusing potential investors, consultants and service providers concerning a relationship, including, but not limited to, sponsorship, approval, ownership or affiliation between Highline and Defendants.

11

59.   The acts of Defendants complained of above constitute trademark infringement and unfair competition under the common law of the State of New York.

60.   By reason of the foregoing, Highline has suffered, and unless enjoined by this Court will continue to suffer, irreparable and immediate injury for which Highline has no adequate remedy at law.

61.   By reason of the foregoing, Highline has been injured in its business and is entitled to permanent injunctive relief and to recover damages in an amount to be proved at trial.

## SIXTH CLAIM FOR RELIEF

### Cyberpiracy

62.   Plaintiff repeats and realleges the foregoing Paragraphs as if fully set forth herein.

63.   The acts of Defendants complained of above constitute cyberpiracy in violation of § 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

64.   By reason of the foregoing, Highline is likely to suffer, has suffered, and unless enjoined by this Court will continue to suffer, irreparable injury, for which Highline has no adequate remedy at law.

65.   By reason of the foregoing, Highline has been injured in its business and is entitled to injunctive relief and to recover damages in an amount to be proved at trial.

### Prayer for Relief

WHEREFORE, Plaintiff demands judgment:

(a)   Enjoining Defendants, Defendants' officers, agents, employees, attorneys, subsidiaries, assigns or related companies, and those in active concert or participation with Defendants, or any of them, who receive actual notice of the judgment by personal service or otherwise, from using or employing, directly or indirectly, the service mark or trademark

12

HIGHLINE, the service mark, trademark or trade name Highline Research Advisors, the Internet

domain name "highlineresearchadvisors.com", or any other mark, trade name or domain name

confusingly similar to HIGHLINE, or that contains the element HIGHLINE in any variant form,

in connection with the offering or sale of financial services including but not limited to investment

advisory services;

      (b)     Directing Defendants to file with this Court, within thirty (30) days after entry of

any injunction in this case, a written statement, under oath, setting forth in detail the manner in

which Defendants have complied with the injunction;

      (c)     Directing Defendants to account to Plaintiff for the profits of its infringement;

      (d)     Awarding Plaintiff its damages, in an amount to be proved at trial, resulting from

the acts alleged herein, enhanced in accordance with § 35(a) of the Lanham Act, 15 U.S.C.

§ 1117(a), or other applicable law;

      (e)     Awarding Plaintiff treble damages and prejudgment interest resulting from the use

of a counterfeit mark, in accordance with § 35(b) of the Lanham Act, 15 U.S.C. § 1117(b), or other

applicable law; and

      (f)     Upon Plaintiff's election awarding Plaintiff statutory damages resulting from the use

of a counterfeit mark, in accordance with § 35(c) of the Lanham Act, 15 U.S.C. § 1117(c), or other

applicable law; and

      (g)     Upon Plaintiff's election awarding Plaintiff statutory damages resulting from

Defendants' cyberpiracy, in accordance with § 35(d) of the Lanham Act, 15 U.S.C. § 1117(d), or

other applicable law; and

      (h)     Awarding Plaintiff reasonable attorneys' fees in accordance with §§ 35(a) and 35(b)

of the Lanham Act, 15 U.S.C. § 1117(a), (b); and

(i)      Awarding Plaintiff such other and further relief as this Court deems just and proper

and the costs and disbursements of this action.

Dated: New York, New York
       November 9, 2015

                         TANNENBAUM HELPERN
                          SYRACUSE & HIRSCHTRITT, LLP


                         By:   s/L. Donald Prutzman
                                L. Donald Prutzman
                         900 Third Avenue
                         New York, New York 10022
                         (212) 508-6700
                            Attorneys for Plaintiff

# EXHIBIT A

**Error! Unknown document property name.**

Int. Cl.: 36

Prior U.S. Cls.: 100, 101 and 102

Reg. No. 2,502,179

**United States Patent and Trademark Office**    Registered Oct. 30, 2001

**SERVICE MARK**
**PRINCIPAL REGISTER**

**HIGHLINE**

HIGHLINE CAPITAL MANAGEMENT, LLC (DE-
LAWARE LIMITED LIABILITY COMPANY)
1270 AVENUE OF THE AMERICAS
ROCKEFELLER CENTER
NEW YORK, NY 10020

FOR: FINANCIAL SERVICES IN THE NATURE
OF INVESTMENT FUND MANAGEMENT, IN
CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 7-31-1995; IN COMMERCE 7-31-1995.

SER. NO. 78-035,852, FILED 11-17-2000.

CHRISTOPHER LEADEN, EXAMINING ATTOR-
NEY

**Error! Unknown document property name.**